UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IMELDA TOVAR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-00394 |
| | § | |
| JOHN MCHUGH, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant John M. McHugh's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6) or, in the alternative, for summary judgment under Rule 56(c) (D.E. 7). For the reasons set forth below, Defendant's motion to dismiss is GRANTED and Plaintiff's claims are DISMISSED.

## INTRODUCTION

Plaintiff filed this action against Defendant, asserting violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000(e) *et seq*.: (1) race discrimination; (2) sex discrimination; (3) national origin discrimination; (4) retaliation; and (5) hostile work environment. Plaintiff complains that, on October 22, 2012, she was forced to resign from her position with the Department of the Army due "to the continuous and pervasive adversarial work environment for engaging in protected activity." (D.E. 1, p. 2). Plaintiff further alleges she was subjected to verbal and physical abuse by her supervisor. (D.E. 1).

Defendant contends that there is no evidence Plaintiff exhausted her administrative remedies under Title VII before she filed this action or, alternatively, that Plaintiff cannot establish a *prima facie* case for any of the asserted claims. (D.E. 7). Defendant also argues that Plaintiff is attempting to re-litigate claims from her previously dismissed federal lawsuit and therefore, the pending claims should be dismissed as *res judicata*. (D.E. 7).

## RELEVANT FACTS

Plaintiff is a Hispanic female who was employed at the Corpus Christi Army Depot as an Environmental Protection Specialist for seven years, until her resignation on October 22, 2012. Plaintiff filed three EEO administrative complaints of discrimination. (D.E. 7, Exhibits 1-3). The Army issued a Final Agency Decision in the first two complaints in October 2010, finding no discrimination. The third EEO case, filed on April 14, 2010, was dismissed by an EEOC Administrative Judge after Plaintiff filed a complaint in this Court on November 2, 2010. The complaint was against Defendant, asserting violations of Title VII for discrimination based on sex, race, and for retaliation, and it addressed the allegations in the three EEO administrative complaints.

On September 9, 2011, this Court dismissed Plaintiff's claim for race discrimination because she failed to exhaust her administrative remedies prior to filing her case. Plaintiff's remaining claims were then summarily dismissed on September 16, 2011, and a final judgment was entered on October 26, 2011.

Plaintiff filed the pending action on November 23, 2012, alleging race, sex, and national origin discrimination. She also alleged claims for a hostile work environment

and retaliation. (D.E. 1). In support of her claims, Plaintiff maintains that her annual leave was not correctly processed by her supervisor in December 2010, October 2011, and February 2011 and that she was threatened with termination while on medical leave in December 2011 (D.E. 10). Additionally, Plaintiff claims that her medical benefits were improperly terminated in February 2010 and October 2011. Plaintiff claims she was forced to resign on October 22, 2012, because of retaliation from her supervisor who verbally abused her over a period of several years and physically abused her in September 2012, by slapping her on the mouth. (D.E. 1 and D.E. 10). Not providing any specific dates, Plaintiff claims she received three warning letters, was not selected for a promotion, and was excluded from meetings and emails. (D.E. 1 and Case No. 2:12-mc-00574, D.E. 1).

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d. 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction" so the Plaintiff bears the burden to demonstrate jurisdiction exists. *Ramming*, 281 F.3d at 161. Plaintiff has failed to meet this burden.

This Court lacks jurisdiction because Plaintiff failed to exhaust her administrative remedies. As a precondition to filing suit in federal court, Title VII requires a federal employee claiming discrimination to first exhaust administrative remedies. *Brown v. General Servs. Admin.*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1965, 48 L.Ed.2d 402 (1976)("Initially, the complainant must seek relief in the agency that has allegedly discriminated against him.") No federal action alleging employment discrimination may be brought unless the alleged discrimination has been made the subject of a timely EEO charge. *See generally* 42 U.S.C. § 2000e-5. If the plaintiff fails to exhaust administrative remedies, the district court lacks the jurisdiction to entertain the lawsuit. *Randel v. United States Dept. of Navy*, 157 F.3d 392, 395 (5th Cir. 1998). A plaintiff's failure to exhaust administrative remedies "wholly deprives the district court of jurisdiction" to hear Title VII claims. *Tolbert v. United States*, 916 F.2d 245, 247-48 (5th Cir. 1990).

For an aggrieved employee to exhaust administrative remedies, she must consult an EEO counselor within forty-five (45) days of the alleged incident of discrimination. If the agency cannot resolve the complaint through counseling, it must provide the employee with a notice of the right to file a formal complaint of discrimination. The employee may then file a formal EEO complaint. After the administrative law judge issues a decision, the agency must send a notice of final action on the complaint. The employee then has 30 days after receipt of this notice to file a complaint in the appropriate United States District Court. *See generally* 29 C.F.R. §§ 1614.107 – 1614.310.

Plaintiff's last EEO action was filed in April of 2010 and dismissed in November of 2010. The pending action alleges complaints of discrimination from February 2010 through October 2012. To the extent the pending complaint includes claims previously addressed by this Court, Plaintiff cannot re-litigate these claims as they are barred by *res judicata*. *See Ellis v. Amex Life Ins.*, 211 F. 3d 935 (5th Cir. 2000). Regarding all other complaints, there is no evidence that Plaintiff contacted an EEO counselor or complied with the required administrative remedies. Plaintiff has thus failed to exhaust her administrative remedies before filing the pending complaint.

Therefore, this Court lacks the jurisdiction to hear Plaintiff's claims. Defendant's motion to dismiss (D.E. 7) is GRANTED and Plaintiff's claims are DISMISSED.

ORDERED this 29th day of July, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE